THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERIE REESE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>  Defendant. | CASE NO. C15-1490-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. No. 12), Plaintiff's objections (Dkt. No. 13), and Defendant's Response (Dkt. No. 14.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby ADOPTS the Report and Recommendation ("R&R") over Plaintiff's objections for the reasons explained herein.

**I.   BACKGROUND**

As set forth in the Report and Recommendation, Plaintiff Cherie Reese filed for disability insurance alleging an onset date of March 5, 2006. (Dkt. No. 12 at 1.) Ms. Reese indicates that she suffers from traumatic brain injury, osteoarthritis, migraines, fibromyalgia, depression, cognitive problems, and difficulty with her back, neck, hips, and "upper left extremity." (*Id.*) Both upon initial review and appeal, Ms. Reese's application for benefits was denied. Ms. Reese

brought two issues to this Court on appeal: (1) that the Administrative Law Judge ("ALJ") erred in his assignment of weight to the medical opinion of her treating physician, Dr. Gary Stobbe, M.D., and (2) that the ALJ's rejection of a disability determination by the Washington Department of Labor and Industries ("L&I") was also erroneous. (Dkt. No. 9; Dkt. No. 12 at 2.) These same arguments are renewed in objection to the Report and Recommendation. (Dkt. No. 13.)

## II. DISCUSSION

### A. Standard of Review

Upon objection to a magistrate's report and recommendation, district courts are required to review *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In considering Ms. Reese's objections *de novo*, the Court is mindful of the overarching legal standard that the Social Security Commissioner's final determination that a claimant is not disabled must be upheld if 1) the "proper legal standards" have been applied and (2) "substantial evidence in the record as a whole" supports that determination." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is "more than a mere scintilla, but may be less than a preponderance." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001). Substantial evidence means "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Id.* When the evidence before an ALJ is subject to multiple rational interpretations, the Court must grant deference to the ALJ's decision. *Batson v. Comm'r of Social Security Administration*, 359 F.3d 1190, 1196 (9th Cir. 2004).

### B. Objection One: Weight of Dr. Stobbe's Testimony

Ms. Reese first objects to the R&R with respect to Judge Strombom's conclusion regarding the ALJ's assignment of weight to her treating physician's testimony. (Dkt. No. 13 at 2.) Ms. Reese disagrees with the R&R's conclusion that "Dr. Stobbe's own objective clinical findings do not corroborate his opinion that the plaintiff cannot work." (*Id.*) (citing Dkt. No. 12

at 5, n. 35.) In objection, Ms. Reese offers a letter from Dr. Stobbe to the Department of Labor & Industries as well as a neuropsychological evaluation performed by Dr. Myron Lee Goldberg. Notably, the letter from Dr. Stobbe includes the acknowledgment, "As I am sure you are aware, *I am unable to support this diagnosis with 'objective medical findings.'*" (Dkt. No. 13 at 2; Dkt. No. 7-9 at 83.) Paradoxically, Ms. Reese offers this letter in support of the proposition that "the opinion of Dr. Stobbe is supported by objective evidence." (Dkt. No. 13 at 2.) The Court understands that Dr. Stobbe's opinions also contain recognition of Ms. Reese's symptoms and work limitations. (Dkt. No. 7-9 at 83.) However, upon *de novo* review, the Court does not disturb the Report and Recommendation, as it concludes that the ALJ properly assigned little weight to Dr. Stobbe's opinion that Ms. Reese would be "unable to work a full schedule" based on its inconsistency with the record as a whole and its being inadequately supported by clinical findings. (Dkt. No. 7-2 at 20.)

### C. Objection Two: Weight Provided L&I Disability Designation

Second, Ms. Reese objects to Judge Strombom's conclusion that the ALJ properly rejected a disability determination made by the Washington State Department of Labor and Industries ("L&I"). (Dkt. No. 13 at 3.) In so objecting, Ms. Reese argues that the ALJ applied the wrong legal standard. (*Id.*) However, as Judge Strombom appropriately pointed out, the Code of Federal Regulations provides that, with respect to the Social Security Administration:

> "A decision by any nongovernmental agency or any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us."

20 C.F.R. § 404.1504.

Ms. Reese's objection mirrors her argument upon appeal to this Court. On *de novo* review, this Court concludes that the ALJ applied the proper legal standard and provided express reasons for rejecting the L&I determination: that the determination did not contain any analysis,

was inconsistent with treatment records, and inconsistent with Ms. Reese's daily activities. (Dkt. No. 7-10 at 28.)

## III. CONCLUSION

For the foregoing reasons, the Report and Recommendation (Dkt. No. 12) is ADOPTED. The decision of the Commissioner is AFFIRMED and the Clerk is directed to CLOSE this case.

DATED this 8th day of June 2016.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE